UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA GALLARDO,<br><br>        Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.  1:23-cv-01484-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)[1]<br><br>(Doc. 19) |

Francesco P. Benavides ("Counsel") of the Law Offices of Francesco Benavides, attorney for Ofelia Gallardo ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on May 28, 2026.  (Doc. 19).  Plaintiff was served with the motion and advised she had 14 days to object.  (*Id.* at 1, 8).  No opposition has been filed as of the date of this Order.  (*See* docket).  For the reasons set forth below, Plaintiff's motion for attorney's fees is granted in the amount of $11,200.00 subject to an offset of $7,315.05 in fees previously awarded on March 25, 2024, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. 18).

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. 10).

## I.  BACKGROUND

On October 18, 2023, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act.  (Doc. 1).  On March 15, 2024, the Court granted the parties' stipulated motion to remand and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Docs. 14, 15).  The Court entered an award of $7,315.05 for attorney fees under the Equal Access to Justice Act ("EAJA") on March 25, 2024.  (Docs. 17, 18).

On remand, the Commissioner found Plaintiff disabled beginning in June 2019.  (Doc. 19-1 at 1).  Plaintiff was awarded $98,852.00 in retroactive benefits.[2]  (*See id.* at 4).  On May 28, 2026, Counsel filed this motion for attorney's fees in the amount of $11,200.00 with an offset of $7,315.05 for EAJA fees already awarded.  (Doc. 19).  Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits, and the requested amount is reasonable.  (Doc. 19 at 3-5; Doc. 19-3).  Defendant filed a response to Plaintiff's motion indicating they would neither support nor oppose Counsel's request for attorney fees pursuant to 24 U.S.C. § 406(b).  (Doc. 20).

## II. APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled….

42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however, must refund to the plaintiff the amount of the smaller fee.  *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70

---

[2] This amount is not included in the notice of award; rather, it was calculated the amount by multiplying the 25% of past due benefits amount by four ($24,713.00 x 4).  (*See* Doc. 19-1 at 4).

(9th Cir. 2020). The fee is not *borne* by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht,* 535 U.S. at 805 (internal quotations omitted). When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements." *Id.* at 793. Counsel still bears the burden, however, of showing the requested fees are reasonable. *Id.* at 807. In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id.* at 807-808; *Crawford*, 586 F.3d at 1151. Generally, any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

## III. ANALYSIS

Here, Plaintiff signed a fee agreement agreeing to pay Counsel 25% of past due benefits awarded to Plaintiff. (Doc. 19-3). Counsel was ultimately successful in securing $98,852.00 in retroactive benefits for Plaintiff. (Doc. 19-1). In support of this motion, Counsel submitted a time sheet indicating the firm expended 28.8 hours in attorney time on this matter. (Doc. 19-4). The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $11,200.00 in fees for 28.8 hours of work results in an hourly rate of $388.88 for the attorney work. (Doc. 19 at 4). Considering the effective rate of attorney hours in cases involving social security contingency fee arrangements this rate appears consistent with, if not significantly lower than, those approved by Ninth Circuit courts. *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part); *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24 at 5 (E.D. Cal. March 19, 2020) (approving hours rate of $1,025.22 for paralegal and attorney time); *Biggerstaff v. Saul*, 840 Fed. App'x 69, 71 (9th Cir. 2020) (affirming $1,400.00 per hour for combined attorney and paralegal work). Attorney hourly rates inevitably rise as their experience increases, and Counsel has been practicing law for approximately 16 years. (Doc. 19 at 6).

3

Based on the foregoing, the Court finds the requested fees of $11,200.00 are reasonable. *Gisbrecht,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to 406(b) in the amount of $11,200.00 is, therefore, appropriate.  An award of § 406(b) fees, however, must be offset by any prior award of attorneys' fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  As Plaintiff was previously awarded $7,315.05 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Counsel's motion for an award of attorney's fees under § 406(b) (Doc. 19) is GRANTED.

2.  Plaintiff's Counsel is awarded $11,200.00 in attorney fees pursuant to 42 U.S.C. § 406(b).

3.  Counsel shall refund to Plaintiff $7,315.05 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

4.  The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff Ofelia Gallardo, 3801 Mccall Avenue, Apt. 6, Selma, California, 93662.

Dated:    June 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE